IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS

AMERICAN SELECT INSURANCE COMPANY, et al.,

        Plaintiffs,

v.                                          Civil Action No. 2:11-CV-49
                                                      (BAILEY)

ALLEGHENY INSURANCE SERVICES, INC.,
and JAMES W. WALLACE,

        Defendants.

**MEMORANDUM ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

Pending before this Court is Plaintiffs' American Select Insurance Company's, Westfield Insurance Company's, Westfield National Insurance Company's, and Ohio Farmers Insurance Company's (collectively, "Westfield") Motion for Partial Summary Judgment as to Count IV of the Amended Complaint and Counts I and V of the Counterclaim [Doc. 160]. The Motion was filed August 20, 2012, and has since been fully briefed and is ripe for decision. Having reviewed the record and the arguments of the parties, this Court concludes that Westfield's motion should be **GRANTED** as to Count V of the Counterclaim and **DENIED** as to Count IV of the Amended Complaint and Count I of the Counterclaim, for the reasons below.

**PROCEDURAL BACKGROUND**

**I.    Count IV of Plaintiffs' Amended Complaint**

Westfield filed an Amended Complaint on November 7, 2011 [Doc. 47]. Count IV

of the Amended Complaint alleged that Allegheny Insurance Services ("AIS") principal James Wallace ("Wallace") breached an agreement to pay Westfield $20,000 in connection with a $55,000 settlement of a bad faith law suit from 2007, ***Corder et al v. James W. Wallace, Westfield Insurance Company and John Drennan***, Civil Action No. C-196.

Wallace moved for partial summary judgment of Count IV on June 7, 2012 [Doc. 115] on the ground that the action was barred by the statute of frauds. That motion was denied by this Court on July 31, 2012 [Doc. 148], which held that Westfield presented a genuine issue of material fact regarding the existence of an oral contract and that the agreement is not within the statute of frauds because it was capable of being performed within one year.

Westfield then filed a Motion for Partial Summary Judgment [Doc. 160] and Memorandum in Support of Motion for Partial Summary Judgment [Doc. 161] on the same count, alleging that Wallace breached an agreement to pay Westfield $20,000 as a matter of law. Westfield contends that letters sent between Westfield and Wallace's attorney, John Busch, as well as billing entries from the firm representing Wallace, are written proof of the existence of a contract. Wallace's failure to pay Westfield is proof of a breach of the contract, leaving no issue of fact for a jury to decide.

Wallace's Memorandum in Opposition of the Motion for Partial Summary Judgment [Doc. 171] states that this Court lacks supplemental jurisdiction over the state law cause of action. The Memorandum also alleges that there was no written agreement between the parties and no understanding between the parties as to an express time limit for performance by Wallace, issues which present a genuine issue of material fact and

preclude summary judgment.

Westfield filed a Reply Memorandum in Support of Motion for Partial Summary Judgment [Doc. 198], which states that Wallace's claim that he cannot remember whether he agreed to pay Westfield $20,000 is not sufficient in light of the correspondence between Wallace's attorneys and Westfield to create a material issue of fact as to the existence of a contract.

## II.     Count I of Defendants' Counterclaim

AIS filed a Counterclaim on November 18, 2011 [Doc. 49]. Claims I and V of the Counterclaim are at issue in this Motion. Counterclaim I concerns the Westfield Insurance Agency Agreement ("Agreement"), which prohibited Westfield from disclosing AIS's expiration information to third parties for marketing or business purposes. AIS claims Westfield provided information to two competing insurance agents, M. Scott Johnson ("Johnson") and Jeremy Stanley ("Stanley") about Westfield insureds for which AIS was the broker of record. AIS alleges that this information was used in an attempt to poach its clients and customers and improperly prevent AIS from moving Westfield policyholders, in breach of the Agreement.

Westfield contends in support of its motion for summary judgment that the unsolicited sales calls made by Westfield employees to Stanley and Johnson did not disclose expiration information but were part of legitimate competition. It states that any information disclosed was either already known to the agents, or was publicly available. Second, Westfield contends that even if expiration information was disclosed, AIS did not incur any damages as a result because AIS did not lose any clients as a result of the alleged conduct or incur any expenses. Westfield argues that the damages claimed by

AIS, six hours of time and expenses to meet with Johnson and at least $300 in connection with Stanley, are not attributable to Westfield conduct.

In response, AIS points to communications between Stanley and Westfield discussing renewal dates for the Agent of Record information and an audit conducted by Westfield, which it claims is evidence of disclosure of expiration information. It claims as damages the time and expense incurred to meet with Stanley prior to Stanley agreeing to return to AIS. AIS contends that the meeting with Stanley took place prior to Stanley agreeing to return to AIS and documents stating otherwise are the result of "serial misdating" [Doc. 171 at 25]. With respect to Johnson, AIS points to an e-mail between Johnson and Westfield requesting help from Westfield for a "new business submission" to an AIS client. The damages claimed in connection with Johnson, according to AIS, arise from the time spent by AIS to retain its client, which it calculated to be 1.5 hours, billed at $200 per hour.

Westfield replied to state that the only audit information disclosed was information to which Stanley was already privy.

### III. Count V of Defendants' Counterclaim

Counterclaim V seeks punitive damages, attorneys' fees and costs against Westfield for the willful, wanton, intentional, deliberate or conscious disregard in Westfield's misappropriations of AIS's expirations.

Westfield claims that Count V of the Counterclaim fails as a matter of law because punitive damages are unavailable for breach of contract claims. AIS counters that under an exception to the general Ohio law, punitive damages are permitted where the breach of contract is accompanied by a connected, but independent tort involving fraud, malice or

4

oppression" [Doc. 161 at 27.] AIS claims that there is "more than sufficient evidence of a genuine issue of material fact as to the existence of a connected, but independent tort, and evidence of fraud, malice or oppression" [Doc. 161 at 28] but does not specify any evidence to support the claim.

## STANDARD OF REVIEW

The moving party is entitled to summary judgment where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. PRO. 56(c). *See* ***Charbonnages de France v. Smith***, 597 F. 2d 406, 414 (4th Cir. 1979). A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." ***Anderson v. Liberty Lobby, Inc.***, 477 U.S. 242, 248 (1986).

In considering a motion for summary judgment, the court is required to draw all reasonable inferences in favor of the nonmoving party and to view the facts in the light most favorable to the nonmoving party. *Id.* at 255. The moving party has the burden to show an absence of evidence to support the nonmoving party's case. ***Celotex Corp. v. Catrett***, 477 U.S. 317, 325 (1986). The party opposing summary judgment must then demonstrate that a triable issue of fact exists; he may not rest upon mere allegations or denials. ***Anderson***, 477 U.S. at 248. A mere scintilla of evidence supporting the case is insufficient. *Id.* at 252.

5

**DISCUSSION**

I.      **This Court Has Original Jurisdiction Over Count IV of Amended Complaint**

Defendant asserts that this Court lacks supplemental jurisdiction over Count IV because Count IV "was not so related to those claims of the Plaintiffs over which the Court has original jurisdiction such that it forms part of the same case or controversy, as required by 28 U.S.C. § 1367" [Doc. 171 at 3]. However, this Court does not need to seek supplemental jurisdiction under 28 U.S.C. § 1367 because it has original jurisdiction over Count IV based on diversity jurisdiction under 28 U.S.C. § 1332.

28 U.S.C. § 1332 grants original jurisdiction to district courts for all civil actions that fulfill a diverse-citizenship requirement and an amount-in-controversy specification. The amount-in-controversy specification gives district courts original jurisdiction where the matter in controversy exceeds the sum or value of $75,000. 28 U.S.C. § 1332(a). The Supreme Court "has long held that, in determining whether the amount-in-controversy requirement has been satisfied, a single plaintiff may aggregate two or more claims against a single defendant, even if the claims are unrelated." ***Exxon Mobil Corp. v. Allapattah Services***, Inc., 545 U.S. 546, 585 (2005).

The Amended Complaint [Doc. 47] names Wallace as a defendant. There is complete diversity between the parties and the amount in controversy claimed against Wallace is more than $75,000, therefore this Court has jurisdiction over Count IV of the Amended Complaint.

II. **There is a Genuine Issue of Material Fact as to Settlement Amount Regarding Count IV**

Equivocal testimony by Wallace and his attorney and correspondence regarding the settlement are insufficient to establish as a matter of law that Wallace agreed to pay Westfield $20,000. There is ambiguous and conflicting evidence regarding the amount of money Wallace agreed to pay to settle the matter of ***Corder et al v. James W. Wallace, Westfield Insurance Company and John Drennan***. The declarations of attorney Mark Lane and Daniel Spencer ("Spencer") state that Wallace agreed to contribute $20,000 to the settlement, as do letters from Spencer to Mr. Wallace [Doc. 128, Exhibit B; Doc. 161, Exhibit C; Doc. 47, Exhibit I]. Plaintiffs' attorney in the *Corder* matter, Phillip S. Isner, stated in his deposition testimony that it was his recollection that Wallace agreed to contribute $5,000 toward the settlement of the *Corder* matter [Doc 171, Exhibit 3]. Neither the letter from John Busch to Spencer nor the statements for services rendered specify a dollar amount regarding Wallace's contribution to the settlement amount [Doc. 47-8, Exhibit I; Doc. 161, Exhibit E].

Defendant's argument that, "[i]n the absence of a deadline for performance, there has been no breach of contract" fails. "Where a contract fixes no definite time for performance, the law usually implies that performance shall be within a reasonable time." ***Homeland Training Ctr., LLC v. Summit Point Auto. Research Ctr.***, 594 F.3d 285, 291 (4th Cir. 2010) (quoting ***First Nat'l Bank of Bluefield v. Clark***, 191 W. Va. 623, 447 S.E.2d 558, 562 (1994)). While this does not preclude an action for breach of contract, what constitutes a reasonable period of time is normally a question of fact to be determined by a jury. ***Jochum v. Waste Mgmt. of W. Virginia, Inc.***, 224 W. Va. 44, 51, 680 S.E.2d 59,

66 (2009).

Accordingly, the motion for summary judgment with respect to Claim IV of the Amended Complaint is **DENIED**.

### III. The is a Genuine Issue of Material Fact as to Whether Westfield Breached the Agency Agreement

The Agreement includes a provision that prohibits Westfield from disclosing AIS's expirations to third parties for marketing or business purposes [Agreement Part IV, § C]. The parties disagree on what information constitutes expiration information, whether information disclosed by Westfield to AIS clients constitutes expiration information, and if expiration information was disclosed whether the disclosure resulted in AIS incurring damages.

With respect to Stanley, AIS argues that Westfield violated the Agreement by providing expiration information regarding American Refractory Company's ("ARC") renewal date for its commercial insurance policy. Although Stanley has represented ARC for worker's compensation purposes since 2008 and represented ARC's commercial insurance in 2008, AIS contends there is no evidence Stanley knew with certainty that the commercial insurance expiration date had remained the same since that time. This creates a genuine issue of material fact.

With respect to information provided to Johnson, there is an issue of material fact as to whether Westfield supported and encouraged Johnson's solicitation of Elkins Distributing Company. AIS claims it was a violation of the Agreement for Westfield to disclose to Johnson that Elkins Distributing Company was insured by Westfield through AIS. Westfield claims that an agency's representation of a particular client is not expiration

information and even if considered expiration information, Johnson was aware of the information prior to contact with Westfield.

A genuine issue of material fact also exists regarding the damages recoverable in this action. At the summary judgment stage, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." **Anderson v. Liberty Lobby, Inc.**, 477 U.S. 242, 249 (1986). Taking the evidence in a light most favorable to the non-moving party, a jury could find that AIS incurred damages in the form of time and money spent to retain clients even though they did not lose any business as a result of Westfield's conduct.

Accordingly, summary judgment on Count I of the Counterclaim is **DENIED**.

**IV.     Punitive Damages Not Available Under Ohio Law**

The Agreement's provisions are interpreted and construed under the laws of the State of Ohio under the Agreement's choice of law provisions [Doc. 161-8 at § XII(H)]. Under Ohio law, punitive damages are generally not available for a breach of contract claim. **DeCastro v. Wellston City School Dist. Bd. of Ed.**, 94 Ohio St.3d 197, 201 (2002). An exception to the rule exists where "the breach of contract is accompanied by a connected, but independent tort involving fraud, malice or oppression." **Goldfarb v. Robb Report, Inc.**, 101 Ohio App. 3d 134, 140 (1995).

In order to recover punitive damages pursuant to this exception, a claimant must prove (1) breach of contract, (2) that a connected tort was committed independently of that breach, and (3) that the tortious conduct was fraudulent, malicious, or oppressive in nature. **Id.** at 141.

"Breach of contract is not converted to a tort by adding words characterizing it which also characterize otherwise tortious conduct for which punitive damages are available." ***Klusty v. Taco Bell Corp.***, 909 F. Supp. 516, 521 (S.D. Ohio 1995). The tort of bad faith is not a tortious breach of contract, for "no matter how willful or malicious the breach, it is not [a] tort to breach a contract." ***Motorists Mutual Ins. Co. v. Said***, 63 Ohio St. 3d 690, 694 (1992) (overruled on other grounds). "The mere pleading of malice . . . is insufficient to defeat a motion for summary judgment." ***Stemen v. Shibley*** 11 Ohio App. 3d 263 (1982); see also ***Battista v. Lebanon Trotting Association***, 538 F.2d 111, 117 (6th Cir. 1976) ("[M]ere averment of malice in a pleading does not change an action in contract to one in tort.").

Defendant claims no independent tort but only malice in connection with the breach of contract. For these reasons, this Court finds that the cause of action in Counterclaim I was founded in contract. Thus, exemplary or punitive damages are not available as part of the remedy for any breach of contract. Accordingly, the motion for summary judgment with respect to Count V of the Counterclaim is granted.

### IV. Conclusion

For the reasons stated above, Plaintiffs' Motion for Partial Summary Judgment **[Doc. 160]** is hereby **GRANTED IN PART** and **DENIED IN PART**. Count V of Allegheny's Counterclaim **[Doc. 49]** is hereby **DISMISSED**, while Count I of Allegheny's Counterclaim and Count IV of Westfield's Amended Complaint **[Doc. 47] MAY PROCEED**.

It is so **ORDERED**.

The Clerk is directed to transmit true copies of this Order to all counsel of record in

this matter.

    **DATED:** October 15, 2012.

/s/ John Preston Bailey<br>
JOHN PRESTON BAILEY<br>
CHIEF UNITED STATES DISTRICT JUDGE